Case 4:22-cv-02624   Document 29   Filed on 03/27/24 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
March 27, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHARLES K. JAMES, *et al.*,<br>　　　Plaintiffs,<br><br>VS.<br><br>HUNTER VIERS,<br>　　　Defendant. | §<br>§<br>§<br>§　CIVIL ACTION NO. 4:22-CV-02624<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant Hunter Viers' ("Viers") motions for summary judgment (Dkt. 19) and to voluntarily dismiss his counterclaims (Dkt. 26). Plaintiffs Charles James, Tyrone James, and Brandon James (collectively, "Plaintiffs") filed responses to Viers' motions. (Dkts. 21; 27). Upon careful review, the motion for summary judgment is **GRANTED** and the motion to dismiss is hereby **GRANTED**.

### I.     Background and Procedural History

This case arises from an alleged automobile accident. Plaintiffs were traveling in one vehicle and Viers was driving another one when the two vehicles collided. (Dkt. 1 at p. 2). First, Plaintiffs sued Viers for negligence seeking to recover for "personal injuries and damages" they alleged were caused by the accident. (Dkt. 1 at p. 5). Then Viers filed a counterclaim against Counter Defendant Charles James ("Charles James"), the driver of the vehicle in which Plaintiffs were traveling, seeking similar damages. Viers and Charles James filed answers to the competing complaints. (Dkt. 5; Dkt. 12).

At no time before the close of discovery did Plaintiffs ever produce any medical records regarding their injuries in their initial disclosures or responses to discovery requests. Nor did Plaintiffs designate any expert witnesses on their damages or provide expert reports. After the close of discovery and the deadline for the filing of dispositive motions had passed, Viers sought leave to file a dispositive motion after learning that Plaintiffs' initial disclosures and discovery responses were complete, and they had no intent to supplement. (Dkt. 16; Dkt. 18). The Court granted Viers leave to file a dispositive motion before this action was called to trial. (Dkt. 18) Viers filed the pending motions seeking summary judgment on Plaintiffs' claims against him and to voluntarily dismiss his own negligence counterclaim against Charles James. (Dkt. 19 at p. 7; Dkt. 26). Despite having claims similar to those of Viers and the fact that Viers also had not filed any expert report or expert designation, Charles James did not seek leave to file any motions prior to docket call. Docket call was held in this case over four months ago and the Court will now consider the pending motions below.

## II.     Legal Standards

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). To meet its burden, the moving party must either submit evidence that negates the existence

of a material element of the nonmoving party's claim, or, if the crucial issue is one for which the nonmoving party must bear the burden of proof at trial, merely point out that the evidence in the record is insufficient to support an essential element of the nonmovant's claim. *Vallecillo v. Wells Fargo Bank, N.A.*, C.A. No. 5:16-CV-935-DAE, 2018 WL 3603120, at *2 (W.D. Tex. May 15, 2018) (citing *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990), *overruled on other grounds*, *Little v. Liquid Air. Corp.*, 37 F.3d 1069 (5th Cir. 1994) (en banc)).

To survive a request for summary judgment, the non-movant must "present competent summary judgment evidence to support the essential elements of its claim." *Cephus v. Tex. Health & Hum. Servs. Comm'n*, 146 F. Supp. 3d 818, 826 (S.D. Tex. 2015). Neither a "mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Comp. Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from those facts must be reviewed in the light most favorable to the non-movant. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). While courts "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. "A fact is material if it might affect the outcome of the suit, and a factual dispute is genuine if the evidence is such that a reasonable

jury could return a verdict for the nonmoving party." *Estate of Miranda v. Navistar, Inc.*, 23 F.4th 500, 503 (5th Cir. 2022).

Rule 41 of the Federal Rules of Civil Procedure sets forth the conditions under which a party may voluntarily dismiss a claim, counterclaim, or third-party claim. FED. R. CIV. P. 41. A counterclaimant may voluntarily dismiss an action without leave of court either by stipulation or as of right if the counterclaimant filed a notice of dismissal before the opposing party serves an answer or a motion for summary judgment. FED. R. CIV. P. 41(a)(1)(A), (c); *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977). Otherwise, an action may be voluntarily dismissed only with leave of court. FED. R. CIV. P. 41(a)(2).

### III. Analysis

#### A. Viers' Motion for Summary Judgment

A federal court sitting in diversity jurisdiction applies the substantive law of the state in which it sits—here, Texas law applies. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78-79, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Certain Underwriters at Lloyd's of London v. Lower Valley View, L.L.C.*, 892 F.3d 167, 170 (5th Cir. 2018). In Texas, a "plaintiff seeking to prevail on a negligence cause of action must establish the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach." *Bustamante v. Ponte*, 529 S.W.3d 447, 456 (Tex. 2017).

Viers argues that he is entitled to summary judgment because Plaintiffs "cannot prove the element of damages or that the collision made the basis of this suit caused their damages." (Dkt. 19 at p. 3). In short, Viers asserts that the absence of evidence on causation

and damages necessarily means that Plaintiffs' claims cannot survive past summary judgment because there will be no probative evidence on critical elements for the jury to consider. Because Viers has pointed to the absence of critical elements, it is Plaintiffs' burden at this stage to adduce competent summary judgment evidence of causation and damages. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex*, 477 U.S. at 322-25.

Plaintiffs do not dispute that they have not timely produced any medical records, expert reports or designated an expert on their "personal injuries." Nor in their response to the motion for summary judgment do they produce any evidence of other "damages" they allege were caused by the accident. Nevertheless, Plaintiffs point to a photograph of a wrecked vehicle and their affidavits attached to their response to the motion and argue that this "evidence" is sufficient to create a fact issue as to the element of causation regarding their alleged personal injuries. (Dkts. 21-1, 21-2, 21-3, 21-4). Plaintiffs argue that these attachments require that the Court deny the pending motion for summary judgment. The Court disagrees.

Generally, expert testimony is necessary to establish causation of medical conditions that are outside the common knowledge of the jury. *Guevara v. Ferrer*, 247 S.W.3d 662, 665 (Tex. 2007); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 583 (Tex. 2006). However, "non-expert evidence alone is sufficient to support a finding of causation in limited circumstances where both the occurrence and conditions complained of are such that the general experience and common sense of laypersons are sufficient to evaluate the

conditions and whether they were probably caused by the occurrence." *Guevara*, 247 S.W.3d at 668. Thus, only when the issue of causation in a negligence case involves subject matter outside the common knowledge of a layperson is testimony from a qualified expert necessary to meet the burden of proof. *FFE Transp. Servs., Inc. v. Fulgham*, 154 S.W.3d 84, 89-90 (Tex. 2004).

Here, Plaintiffs argue that they do not need to produce an expert report to establish causation. They assert that their claims are based on the pain they experienced which is common sense to lay jurors. They argue that the causation element of their negligence claims can be satisfied by (1) their affidavits stating that they did not have pain before the collision but had "immediate pain in [the] neck, shoulder, and back after the collision" and (2) a photograph of a wrecked car. (Dkt. 21 at pp. 1, 3; Dkts. 21-1, 21-2, 21-3, 21-4). Assuming, without deciding, that Plaintiffs do not need expert testimony to establish causation for their personal injuries, the documents Plaintiffs rely on do not create a fact issue sufficient to defeat Viers' motion for two independent reasons.

First, Plaintiffs' threadbare and unsworn statements regarding their injuries are not "affidavits" under Federal Rule of Civil Procedure 56(c) and therefore cannot constitute competent summary judgment evidence. Although the statements assert that they are given "under oath," they are not notarized nor do they in any way indicate that they were sworn to by the affiant in front of an officer authorized to administer oaths. *See Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988).

Second, the statements do not comply with the requirements of an unsworn declaration under 28 U.S.C. § 1746. In lieu of a sworn affidavit, a litigant may submit an unsworn declaration as evidence against summary judgment. *See* 28 U.S.C. § 1746.

However, the declaration must be:

[I]n writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

…

(2) If executed within the United States …: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
(Signature)

*Id*.

Here, Plaintiffs' unsworn statements do not substantially comply with 28 U.S.C. § 1746. First, none of the statements are dated as explicitly required by the statute. (Dkts. 21-2, 21-3, 21-4). Second, and more problematic, none of the unsworn affidavits are certified "under penalty of perjury." (Dkts. 21-2, 21-3, 21-4). Each unsworn affidavit vaguely states only that it is made "upon oath and affirmation of belief and personal knowledge that the following facts are true." (Dkts. 21-2, 21-3, 21-4). Multiple circuit courts, including the Fifth Circuit, have held that 28 U.S.C. § 1746 requires that a statement be certified specifically using the phrase "under penalty of perjury" to qualify as an unsworn declaration under this provision. *Nissho-Iwai*, 845 F.2d at 1306; *In re World Trade Ctr. Disaster Site Litigation*, 722 F.3d 483, 488 (2d Cir. 2013) ("We hold that 28 U.S.C. § 1746 requires that a certification of the truth of a matter be expressly made under penalty of

perjury. Any other result would be contrary to the plain language of the statute."). Arguments that substantially similar phrases lacking attestation that they were made "under penalty of perjury" comply with the mandate of 28 U.S.C. § 1746 have been repeatedly rejected. *See, e.g.*, *Davis v. LeBlanc*, 539 F. App'x 626, 628 (5th Cir. 2013) ("The first two unsworn affidavits were not made under penalty of perjury and, thus, did not constitute competent summary judgment evidence."); *Eltalawy v. Lubbock Indep. Sch. Dist.*, 816 F. App'x 958, 961 n.6 (5th Cir. 2010) ("But nowhere does Appellant state that the facts are true 'under penalty of perjury.' As such, Appellant has submitted no competent summary judgment evidence.").

Finally, there is no evidence in the record that the photograph is what it purports to be: a post-accident image of the vehicle driven by Charles James. Statements by counsel in briefing do not constitute competent summary judgment evidence. Accordingly, Plaintiffs' statements and the photograph will not be considered by the Court as evidence in ruling on the pending motion for summary judgment. *See Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 192 (5th Cir. 1991); *Kline*, 845 F.2d at 1306; *Davis*, 539 F. App'x at 628 (finding no error in district court's refusal to consider unsworn affidavits).

In this case there is no competent summary evidence establishing that Plaintiffs' alleged personal injuries and damages were caused by the accident. Accordingly, Viers is entitled to summary judgment on Plaintiffs' claims in this action.

    **B.**    **Viers' Motion to Dismiss**

Viers moves to voluntarily dismiss his counterclaim against Charles James. Since Charles James filed an answer to the counterclaim, Viers' motion to dismiss is governed by Federal Rule of Civil Procedure 41(a)(2), and this "action may be dismissed at the [counter]plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2), (c).

Plaintiffs[1] argue that the Court should not grant Viers' motion for summary judgment and then permit Viers to dismiss his counterclaim because they "have reason to believe that [Viers] is requesting to dismiss his claim without prejudice so that he may re-file, after this Honorable Court grants judgment in favor of [Viers] on the Motion for Summary Judgment." (Dkt. 27 at pp. 2-3). Plaintiffs argue that such rulings by the Court would be "unjust" because they would prevent Charles James from obtaining summary judgment in the refiled case on the same basis as Viers has done so in this case: the lack of expert reports and expert designations. (Dkt. 27 at p. 3). Plaintiffs argue that if expert testimony is necessary to show negligence, then "both sides [sh]ould win on the argument," not just Viers, since none of the parties designated expert witnesses in this case. However, if Viers is allowed to dismiss his claims here and refile them in state court, Plaintiffs suggest that Viers could then timely designate expert witnesses on his claims and Charles James could not. (Dkt. 27 at p. 3). The Court find Plaintiffs' argument unpersuasive.

First, Plaintiffs' argument is based on the incorrect assumption that the Court is granting summary judgment in favor of Viers based on Plaintiffs' failure to timely

---

[1] Charles James, Tyrone James, and Brandon James respond jointly to Viers' motion to dismiss the counterclaim against Charles James.

designate experts or produce export reports regarding causation and their damages. As discussed above, the Court is granting summary judgment on the grounds that Plaintiffs have failed to submit any competent summary judgment evidence establishing the elements of causation and damages in their negligence claims.

Furthermore, while the Court's rulings might adversely affect the ability of Charles James to challenge the competency of any summary judgment evidence offered in a refiled suit (because after receiving the Court's opinion, Viers is unlikely to submit any statements regarding his injuries that do not comply with mandates of Texas law), these rulings will not cause Charles James to suffer any legal prejudice. Generally, courts approve [voluntary] dismissals unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 177 (5th Cir. 1990). "A [counter]plaintiff's voluntary dismissal may substantially prejudice the [counter]defendant if it effectively strips him of a defense that would otherwise be available." *Id*. (*forum non conveniens* defense unavailable); *see also Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d 506, 509 (5th Cir. 2007) (statute of repose defense potentially unavailable); *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 318 (5th Cir. 2002) (statute of limitations defense potentially unavailable). On the other hand, "[t]hat [the] [counter]plaintiff may obtain some tactical advantage over the [counter]defendant in future litigation is not ordinarily a bar to dismissal." *Ikospentakis*, 915 F.2d at 178. In this case Plaintiffs have not established any defense that Charles James has in this action that he would not have in a subsequent suit filed in state court.

The alleged inability of Charles James to file a successful summary judgment, like the one filed here by Viers, in a refiled action case can hardly be described as "unjust." Charles James had ample opportunity to file a dispositive motion on any grounds that he believed was supported by existing law and chose not to do so. He can hardly expect to be relieved of the consequences of his deliberate choice. Charles James now appears to second guess his choice simply because of what Plaintiffs perceive to be a tactical advantage for Viers in a second lawsuit. However, that is not legal prejudice that would bar granting the motion to dismiss. *See Manshack*, 915 F.2d at 174.

Finally, the Court finds that Viers is not moving for voluntary dismissal to avoid an adverse decision. Plaintiffs do not point to anything adverse that Viers is avoiding, especially considering Plaintiffs' choice not to challenge Viers' counterclaim at the summary judgment stage. Accordingly, Viers' motion to dismiss the counterclaim should be granted.

## IV.   Conclusion

Viers' motion for summary judgment (Dkt. 19) is **GRANTED**. Plaintiffs' claims are **DISMISSED WITH PREJUDICE**. Viers' Motion to Dismiss (Dkt. 26) is **GRANTED**. Viers' counterclaim is **DISMISSED WITHOUT PREJUDICE**. Final judgment will enter separately.

SIGNED on March 27, 2024, at Houston, Texas.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE